**UNITED STATES ex rel. HARDEN v. FALL, Secretary of the Interior.**

(Court of Appeals of District of Columbia. Submitted October 3, 1921. Decided November 7, 1921.)

No. 3619.

1. **Public lands** ⊗═29—**Entry after relinquishment not permitted on lands withdrawn for reclamation construction.**

The proviso of Act June 25, 1910, § 5, as amended by Act Aug. 13, 1914, § 10 (Comp. St. § 4714), making lands reserved for irrigation purposes and relinquished from prior entries subject to entry under the Reclamation Act, applies only to lands withdrawn under Reclamation Act June 17, 1902, § 3 (Comp. St. § 4702), as susceptible of irrigation under a proposed project, and not to lands withdrawn under the latter act, as required for the construction of irrigation works.

2. **Public lands** ⊗═35(1)—**Restoration to entry does not validate previous void entry.**

A homestead entry, which was void when made, because the land was withdrawn as required for reclamation construction, is not validated by a subsequent order of the Secretary of the Interior declaring the land not needed for construction purposes.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Public lands ⬷⇒40—Entry on reclamation lands after relinquishment not limited to purchasers of relinquishments.**

The right to enter lands withdrawn under the Reclamation Act for purposes of irrigation, if the lands were covered by a prior entry which has since been relinquished, given by Act June 25, 1910, § 5, as amended by Act Aug. 13, 1914, § 10 (Comp. St. § 4714), is not limited to those in privity with the original entryman, through purchase of the relinquishment or otherwise.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, on the relation of Herbert C. Harden, against Albert B. Fall, as Secretary of the Interior. From a judgment dismissing the petition, relator appeals. Affirmed.

John W. Keener and H. S. Barger, both of Washingon, D. C., and A. R. Honnold, of Scottsbluff, Neb., for appellant.

C. E. Wright, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia dismissing appellant's petition for a writ of mandamus to compel the Secretary of the Interior to approve petitioner's application for a homestead entry.

The application was filed September 2, 1919. The rejection was upon the ground that the land in question was withdrawn from entry under the first form of withdrawal authorized by the Act of Congress of June 17, 1902, 32 Stat. 388 (Comp. St. §§ 4700–4708), known as the Reclamation Act. Section 3 (section 4702) of the act provides:

"That the Secretary of the Interior shall, before giving the public notice provided for in section 4 of this act, withdraw from public entry the lands required for any irrigation works contemplated under the provisions of this act, and shall restore to public entry any of the lands so withdrawn when, in his judgment, such lands are not required for the purposes of this act; and the Secretary of the Interior is hereby authorized, at or immediately prior to the time of beginning the surveys for any contemplated irrigation works, to withdraw from entry, except under the homestead laws, any public lands believed to be susceptible of irrigation from said works."

It will be observed that this provides for two forms of withdrawal. The first form of withdrawal is of lands required for the construction of irrigation works. This is an absolute withdrawal from any kind of entry. The second form of withdrawal is of lands under said works and subject to irrigation, which may be entered only under the homestead laws.

The second form of withdrawal of the land in question was made on February 11, 1903, and a homestead entry was made thereon by one Trump November 28, 1903. On August 10, 1908, the Secretary of the Interior placed the land in question in a first form withdrawal, holding it to be necessary for the construction work in connection with what is known as "the North Platte project," in the state of Wyoming. Trump's rights, of course, could not be affected by this proceeding. But, on August 6, 1913, Trump relinquished all his rights to the United States. This restored the land to the public domain under the first

form withdrawal. While the land was in this condition, petitioner, on September 2, 1919, sought to make the present homestead entry.

[1] By section 5 of an Act of Congress approved June 25, 1910, 36 Stat. 835, it was provided:

"That no entry shall be hereafter made and no entryman shall be permitted to go upon lands reserved for irrigation purposes until the Secretary of the Interior shall have established the unit of acreage and fixed the water charges and the date when the water can be applied and made public announcement of the same."

An amendment to this section, not here important to be considered, was made February 18, 1911 (36 Stat. 917), and this, in turn, was amended by section 10 of the Act of Congress approved August 13, 1914, 38 Stat. 686 (Comp. St. § 4714), which provides:

"Sec. 5. That no entry shall be hereafter made and no entryman shall be permitted to go upon lands reserved for irrigation purposes until the Secretary of the Interior shall have established the unit of acreage for entry, and water is ready to be delivered for the land in such unit or some part thereof and such fact has been announced by the Secretary of the Interior: Provided, that where entries made prior to June twenty-fifth, nineteen hundred and ten, have been or may be relinquished, in whole or in part, the lands so relinquished shall be subject to settlement and entry under the reclamation law."

Petitioner rests his case upon the above proviso, namely, that, Trump having relinquished prior to June 25, 1910, he (petitioner) is entitled to enter the land under the provisions of this act. It will be observed that the permit of entry is limited to "lands reserved for irrigation purposes." It is clear that lands under first form withdrawal are not within this class. They are withdrawn for construction purposes. It is inconceivable that Congress should have contemplated that lands withdrawn from the public domain for construction purposes should be subject to entry until it was finally determined that such lands were not so necessary and a declaration by the Secretary to that effect had been made. Otherwise, it would be possible for entrymen to obstruct the construction work by entering lands reserved for that purpose.

This construction has been adopted and followed by the Secretary, and will not be disturbed, if it can be consistently upheld. In the Case of Annie G. Parker, 40 Land Dec. 406, the Secretary, construing the act, said:

"The Department, however, is of the opinion that a careful reading of the section set out above [section 5 of the Act of June 25, 1910, as amended by the Act of February 18, 1911] will disclose that the only logical and reasonable interpretation of the act justifies the decision appealed from. It is to be noted that this section provides: The lands so relinquished shall be subject to settlement and entry under the homestead law as amended by an act * * * approved June 17, 1902 (32 Stat. 388). The act referred to is the original Reclamation Act, which provides in section 3 that certain lands required for irrigation works shall be withdrawn from public entry by the Secretary and restored when in his judgment such lands are not required for the purposes of the act. This is what is known as the first form withdrawal, such as embraces the land here involved. It is therefore evident that the section now being construed would not apply to first form withdrawals unless it was specifically so stated. Further, the section under construction clearly deals with land reserved for 'irrigation purposes' and not land reserved for irrigation works, as the former only, being what was known as a second

form withdrawal, was subject to entry under the homestead laws under certain conditions."

[2] The situation is not changed by the order of the Secretary, made some months after petitioner made his entry, declaring that the land was not needed for construction purposes. Petitioner had established no right by his void entry which could attach to the land upon its release from the first form withdrawal. The entry was void when made, and no act of the Secretary could render it legal.

[3] It is urged by counsel for respondent, and so held by the court below, that an entryman under this act must be in privity with the original entryman. In other words, it is insisted that the right of entry was intended to operate only in favor of original entrymen who entered prior to June 25, 1910, and who relinquished in favor of those who claim under them through purchase of the relinquishment, or otherwise. We are not impressed with this contention. To sustain such a construction the court must read into the statute something that is neither expressly nor impliedly there. Nor do we find anything in the debates in Congress, submitted for our consideration, which will justify the assumption that such a limitation was intended.

The judgment is affirmed, with costs.

Affirmed.